## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE CITY OF ALTON; MADISON COUNTY; STATE OF ILLINOIS; and UNITED STATES OF AMERICA "OFFICIALS," | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-CV-0232-MJR-PMF |
| v. | ) ) | |
| PAUL SCHNEIDER, | ) ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Paul Schneider, supposedly the defendant in several cases before the Illinois Circuit Court for Madison County, removed his cases to this Court on March 29, 2010 (Doc. 1) and moved to proceed *in forma pauperis* (Doc. 2), along with several other miscellaneous motions (Docs. 3–5). On initial review, though, the Court could not determine whether it had jurisdiction over the removal. The caption of the notice of removal (Doc. 1) indicates he was a defendant in cases involving Madison County, the City of Alton and United States "officials." However, the notice nowhere indicated the claims that those three entities were making against Schneider in the Madison County court. Instead, the notice indicated that Schneider was making claims against the city, county and United States "officials," namely:

> Prosecutors and other officials have been in the name of the public and under color of law have been illegally taking, invading, devaluing, condemning, stripping, burning, criminally damaging, demolishing, forcing, falsely arresting, falsely convicting, ransoming, falsely imprisoning, confiscating, converting and laundering unjust financial gains unto themselves under the false pretense of honestly and impartially enforcing the rules of law, in violation of a plethora of sections of the United States Code, Universal law, the common law, the Illinois State and federal Constitutions.

(Doc. 1 at 2.)

Because the notice indicated that Schneider had claims against the entities and not the other way around, the Court was concerned that Schneider had filed suit in state court, meaning that the Court lacked subject-matter jurisdiction. As the Seventh Circuit recently explained, "a litigant who files suit in state court is a 'plaintiff' and cannot remove the case, even if the defendant files a counterclaim and the original plaintiff then wears two hats, one as plaintiff and one as defendant— and even if the counterclaim is distinct from the original claim and could have been a separate piece of litigation." *First Bank v. DJL Props., LLC*, 598 F.3d 915, 916 (7th Cir. 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *West v. Aurora*, 73 U.S. (6 Wall.) 139 (1867)), *aff'g* No. 09-CV-0969-MJR-PMF, 2010 U.S. Dist. LEXIS 7700 (S.D. Ill. Jan. 29, 2010) (Reagan, J.). Schneider also did not include the complaints filed against him by the city, the county and the United States "officials." It is the burden of the party removing a case to prove that this Court has subject-matter jurisdiction, *see Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448–49 (7th Cir. 2000) ("Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction . . . ." (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996))), so the complaints would have helped the Court determine if Schneider was indeed a defendant as he wants to be.[1]

In an abundance of caution, the Court indicated to Schneider the jurisdictional defects and—in order to give Schneider another opportunity to prove that he, in fact, was a defendant in the state-court actions—ordered him to amend his notice of removal and file the state court complaints by April 30, 2010. (Doc. 6.) Schneider has failed to meet this deadline.

---

[1] Although statute requires the complaints to be filed with the notice of removal, 28 U.S.C. § 1446(a) (2006), the Court does not remand for failure to comply with the statute as the Court cannot raise that defect on its own motion, *see In re Continental Cas. Co.*, 29 F.3d 292, 294–95 (7th Cir. 1994) (forbidding district courts from examining, sua sponte, procedural defects in removals from state court).

Based on the record, the Court **FINDS** that Schneider is probably not a defendant in the state court actions removed to this Court, meaning that the Court lacks subject-matter jurisdiction over the removed cases. The Court accordingly **REMANDS** the cases to the Illinois Circuit Court for Madison County. Due to the remand, all pending motions (Docs. 2, 3, 4, 5) are **MOOT**.

**IT IS SO ORDERED.**

**DATED May 3, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**